IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROLAND PADRON, BOBIRT R.MIRANDA and EUSEBIO R. CALZADA, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WAL-MART STORES, INC. d/b/a WALMART, <br><br> Defendant. | Case No. 10-CV-06656 <br><br> Judge Zagel <br> Magistrate Judge Soat Brown |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION FOR PARTIAL DISMISSAL OF COMPLAINT**

Defendant, Wal-Mart Stores, Inc., ("Defendant" or "Walmart"), by its attorneys, Drinker Biddle & Reath LLP, submit this memorandum in support of its Motion for Partial Dismissal of the Class Action Complaint ("Complaint") of Plaintiffs Roland Padron ("Padron"), Bobirt R. Miranda ("Miranda") and Eusebio R. Calzada ("Calzada") (together, "Plaintiffs").

## I. INTRODUCTION

Plaintiffs are former employees of Defendant who worked in the same Walmart store for varying lengths of time until their terminations from employment in November 2006. (Compl. ¶¶ 38-40.) In Counts IV through IX of the Complaint, Plaintiffs, who allege to be of Cuban national origin, bring individual Title VII claims alleging national origin discrimination and retaliation arising from their terminations and certain other terms and conditions of employment. Additionally, Plaintiffs bring the following pay discrimination claims on behalf of themselves and a purported nationwide class of Defendant's current and former Cuban "warehouse employees": (a) a disparate impact claim under Title VII in Count I; (b) a disparate treatment claim under Title VII in Count II; and (c) a disparate treatment claim under 42 U.S.C. § 1981 in Count III.

While Plaintiffs purport to bring a nationwide pay discrimination class action, the Complaint fails to plead any facts that demonstrate such a claim is plausible. Among other things, Plaintiffs fail to even allege how their *own* compensation was determined at their Walmart store. Plaintiffs allege no specific compensation policy, method or practice, nor do they otherwise allege how compensation decisions at their store were made or who made them. Further, the Complaint is completely devoid of any factual allegations even suggesting that Plaintiffs' compensation was determined in a manner that might be common or typical of compensation decisions for warehouse workers nationwide or even beyond the single store where Plaintiffs worked. In fact, the Complaint alleges no facts whatsoever in support of Plaintiffs' conclusory assertion that Defendant intentionally discriminates against Cuban warehouse employees as a class. Rather, Plaintiffs' class allegations amount to nothing more than bare, conclusory recitations of the Rule 23 class action elements, which is insufficient to state a claim.

For the reasons explained below, Plaintiffs' Complaint fails to state a claim upon which relief can be granted in several respects, and the following claims should be dismissed: (a) Plaintiffs' individual and class claims in Count I should be dismissed in their entirety; (b) Plaintiffs' individual and class claims in Count II should be dismissed in their entirety; (c) Plaintiffs' individual and class claims in Count III should be dismissed in their entirety; (d) to the extent Counts I, II and/or III are not dismissed in their entirety, those counts and Counts IV through IX should be dismissed to the extent they allege violations occurring outside of the relevant limitations periods; and (e) to the extent Counts I and/or II are not dismissed in their entirety, those counts should be dismissed to the extent they purport to state a claim of race discrimination, which was not alleged in the Plaintiffs' EEOC charges.

## II.      STANDARDS GOVERNING A RULE 12(B)(6) MOTION TO DISMISS

Rule 12(b)(6) permits a court to dismiss a claim where a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain "sufficient factual matter" to state a claim for relief that is "plausible on its face;" "labels and conclusions" and "naked assertions devoid of further factual enhancement" are not enough. *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1949-50 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id; see Bissessur v. Indiana University Bd. of Trustees,* 581 F.3d 559, 602 (7th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949). Also, "where well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' Fed. Rule Civ. Proc. 8(a)(2)." *Iqbal,* 129 S. Ct. at 1949-50 (A complaint that contains factual allegations that are "merely consistent with a defendant's liability … stops short of the line between possibility and plausibility of entitlement to relief.").[1]

## III.     ARGUMENT

### A.      Plaintiffs' Title VII Disparate Impact Claim (Count I) Should Be Dismissed

In Count I, Plaintiffs allege a disparate impact pay discrimination claim under Title VII individually and on behalf of the putative class. Count I fails to state a claim and should be dismissed.

---

[1] Further, as noted in Section III.B.1 below, these same Rule 8 pleading standards apply to Rule 23 class allegations.

1. **The Disparate Impact Claim is Outside the Scope of Plaintiffs' EEOC Charges.**

Before a plaintiff can file a Title VII lawsuit, the plaintiff must first exhaust administrative remedies by filing an EEOC charge that puts the defendant and the EEOC on notice of the nature of the plaintiff's claim. *See Cheek v. Western & Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). Thus, an employee's lawsuit is limited to the claims that were explicitly included in the employee's EEOC charge or claims that are "like or reasonably related to" those claims actually stated in the charge. *Id.* A claim in a complaint is "like or reasonably related to" a claim asserted in an EEOC charge only if it could be expected to be explored during the course of the EEOC investigation. *See Peters v. Renaissance Hotel Oper. Co.,* 307 F.3d 535, 550 (7th Cir. 2002). Claims of discrimination in an EEOC charge and claims in a lawsuit are not "reasonably related" just because they both assert forms of discrimination against the same group. *Cheek,* 31 F.3d at 500*; Rush v. McDonald's Corp.*, 966 F.2d 1104, 1111 (7th Cir. 1992).

Courts have "consistently recognized a distinction between claims of discrimination based on disparate treatment and claims of discrimination based on disparate impact . . .." *Raytheon Co. v. Hernandez,* 540 U.S. 44, 52 (2003). Claims of disparate treatment focus on the employer's intent and motivation. *See Noreuvil v. Peabody Coal Co.*, 96 F.3d 254, 258 (7th Cir. 1996). In contrast, a disparate impact theory "does not necessitate a showing of discriminatory intent at all." *Id.* Rather, disparate impact claims "involve employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another . . .." *Raytheon*, 540 U.S. at 52. The key component of a disparate impact claim is the identification of a "facially neutral employment practice" that allegedly impacts the protected class. Thus, "[i]n the context of a disparate impact claim, a plaintiff must identify in the EEOC charge of discrimination the neutral employment practice under challenge." *Welch v. Eli Lily and Co.*, 2009 WL 734711, *2 (S.D. Ind. Mar. 18, 2009); *see Remien v. EMC Corp.*,

2008 WL 821887, *5 (N.D. Ill. Mar. 26, 2008) ("there is a necessity for the EEOC charges to provide that a facially neutral policy or policies resulted in unintended but adverse consequences to the protected class").

While Plaintiffs now purport to state a Title VII disparate impact claim in their Complaint, the sole claim made by all three Plaintiffs in their nearly identical EEOC charges was one of disparate treatment – *i.e.,* that Walmart intentionally discriminated against them on the basis of their Cuban national origin and retaliated against them. (Compl. Ex. A.) Specifically, each Plaintiff alleged in his charge that he was "subjected to different terms and conditions than [his] non-Cuban co-workers such as variable schedule, denial of make-up days and lower wages;" that he "complained internally regarding national origin discrimination," and that he "was discharged." (Compl. Ex. A.) Plaintiffs do not reference *any* facially neutral policy or practice in their charges; nor do they include any allegations even suggestive of a policy or practice that might signal a disparate impact claim.[2]

Because disparate treatment and disparate impact claims are so fundamentally different, numerous courts have held that a disparate impact theory does not fall within the scope of an EEOC charge alleging only intentional discrimination, and courts have consistently dismissed disparate impact claims where, as here, the EEOC charges do not allege a disparate impact theory. *See, e.g.*, *Noreuvil*, 96 F.3d at 258 (affirming dismissal of plaintiff's disparate impact claim because it was not reasonably related to the disparate treatment and retaliation claims asserted in plaintiff's charge); *Welch¸* 2009 WL 734711, at *2 (dismissing plaintiff's disparate impact claims where plaintiffs' EEOC charge alleged "nothing more than disparate treatment"); *Remien*, 2008 WL 821887, at *5 (N.D. Ill. Mar. 26, 2008) (finding disparate impact claim barred

---

[2] Likewise, the EEOC's identical Determinations issued on Plaintiffs' charges make no reference to any facially neutral policy or any disparate impact theory or investigation. (Compl. Ex. B.)

because plaintiffs' EEOC charges alleged only that defendant intentionally discriminated against them and against women as a class); *Dierson v. Walker*, 2003 WL 22508182, *6 (N.D. Ill. Nov. 4, 2003) (dismissing disparate impact claim where plaintiff did not raise a disparate impact claim in his administrative charge); *Burton v. Illinois Educ. Assoc.*, 1997 WL 754142, *6 (N.D. Ill. Nov. 21, 1997) (dismissing disparate impact claim where plaintiff's EEOC charge "contains no hint whatsoever that she was complaining of one or more of defendant's policies"); *Jurszczak v. Bloomer Chocolate Co.*, 1999 WL 1011954, *4-5 (N.D. Ill. Sept. 24, 1997) (same); *Blake v. City of Chicago*, 1991 WL 34634, *2-3 (N.D. Ill. Mar. 13, 1991) (same).

Accordingly, because Plaintiffs' disparate impact claim was not alleged in nor reasonably related to their EEOC charges, Count I should be dismissed.

    2.    **Count I Also Fails Because Plaintiffs Fail to Identify a Specific Facially Neutral Policy Allegedly Causing a Disparate Impact.**

Even if Plaintiffs' EEOC charges had asserted a disparate impact claim, Count I should nonetheless be dismissed because Plaintiffs' Complaint fails to adequately allege a disparate impact claim. "In alleging a disparate impact claim, 'it is not enough to simply allege that there is a disparate impact on workers or point to a generalized policy that leads to such an impact.'" *Welch*, 2009 WL 734711, at *6 (quoting *Smith v. City of Jackson*, 544 U.S. 226 (2005)). Instead, the plaintiff must isolate and identify "the specific employment practices that are allegedly responsible for any [disparate impact]." *Id.; Steele v. GE Money Bank*, 2009 WL 393860, *4 (N.D. Ill. Feb. 17, 2009).

Here, in support of their purported disparate impact claim, Plaintiffs merely allege generally that "Defendant's facially neutral compensation policy has had a disparate impact on Plaintiffs, Cuban warehouse employees, and the Rule 23 class, as alleged herein." (Compl. ¶ 56.) Nowhere in the Complaint, however, do Plaintiffs allege what this alleged compensation policy is or even how their compensation was determined at their Walmart store, let alone

6

identify and describe any supposed policy that allegedly has a disparate impact on all Cuban warehouse employees. Thus, Plaintiffs fail to adequately allege a disparate impact claim, and for this additional reason Count I should be dismissed. *See, e.g., Welch,* 2009 WL 734711, at *8 (granting motion to dismiss disparate impact claim due to plaintiff's failure to identify and "isolate the specific employment practice that is allegedly responsible" for the alleged disparity); *Combs v. Grand Victoria Casino and Resort,* 2008 WL 4452460, *3 (N.D. Ill. Sept. 30, 2008) (same).[3]

Defendant further notes that the Complaint also references the disparate impact theory outside of Count I, in introductory paragraphs 3, 10, 25(c) and 44, which paragraphs are incorporated by reference into all of the counts. In addition to dismissing Count I, Defendant requests that these allegations be stricken pursuant to Fed. R. Civ. P. 12(f) as Defendant may be prejudiced by these errant allegations incorporated into all counts. *See, e.g., Cumis Ins. Soc., Inc. v. Peters*, 983 F. Supp. 787, 798 (N.D. Ill. 1997).

**B.** **Count II Alleging Individual and Class Disparate Treatment Claims Under Title VII Should Also Be Dismissed**

1. **Count II Fails to State a Claim for Class-Wide Relief.**

Since the Supreme Court's *Twombly* decision, numerous courts have held that class allegations must also comply with current Rule 8 pleading standards. Pleading legal conclusions or a mere recitation of the elements of a class claim under Rule 23, without sufficient factual detail establishing the basis for class-wide relief, is not sufficient. *See, e.g., Jue v. Costco*

---

[3] To the extent Plaintiffs' disparate impact claim in Count I survives Defendant's motion to dismiss, Count I cannot include a claim of race discrimination because Plaintiffs alleged only national origin discrimination and retaliation, not race discrimination, in their EEOC charges. *See* Section B.3 below. Additionally, if Plaintiffs' disparate impact claim is not dismissed, Plaintiffs' apparent attempt to recover compensatory and/or punitive damages under Count I must be stricken because Title VII expressly provides that such damages are recoverable only in cases of intentional discrimination, and not in disparate impact cases. 42 U.S.C. § 1981a(a)(1); *Kolstad v. American Dental Assoc.*, 527 U.S. 526, 534 (1999) ("The 1991 Act limits compensatory and punitive damages awards, however, to cases of 'intentional discrimination'-that is, cases that do not rely on the 'disparate impact' theory of discrimination.").

*Wholesale Corp.*, 2010 WL 889284, *6 (N.D. Cal. Mar. 11, 2010) ("plaintiff is reminded that class certification discovery is not a substitute to the pleading requirements of Rule 8 and *Twombly*. Class allegations must [be] supported by sufficient factual allegations demonstrating that the class device is appropriate and discovery on class certification is warranted); *Nicholas v. CMRE Fin. Servs., Inc.*, 2009 WL 1652275, *4 (D. N.J. June 11, 2009); *In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*, 2010 WL 4892114, *12 (S.D. Cal. Nov. 30, 2010).

Here, the Complaint is completely devoid of *any* factual allegations that plausibly show that Plaintiffs are entitled to maintain this action as a class action. Most notably, while Plaintiffs seek to bring a class action based on alleged pay discrimination nationwide, the Complaint fails to even allege how Plaintiffs' own compensation was determined at the single store where Plaintiffs worked, let alone that Walmart uses some particular compensation practice or method that has general application throughout the United States or even beyond the Plaintiffs' one store. Also conspicuously absent from the Complaint are any factual allegations from which it can be inferred that Defendant intentionally discriminates against Cuban employees, let alone how Defendant possibly ferrets out Cuban employees from among its Hispanic employees, or for that matter from everyone else. Instead, Plaintiffs merely summarily allege that "Defendant intentionally and willfully failed and refused to pay Plaintiffs, Cuban warehouse employees and the Rule 23 class to [sic] equal wages as similarly situated non-Cuban employees based upon their Cuban national origin, race and ethnicity." (Compl. ¶ 68.) Such conclusory allegations unsupported by any "further factual enhancement" and "threadbare recitals" of the Rule 23 class action elements are clearly insufficient to state a claim. *Iqbal,* 129 S. Ct. 1949-50. *See also Nicholas*, 2009 WL 1652275, *4 (class allegations dismissed because allegations in complaint were "phrased as legal conclusions based on the language of the class action pleading

requirements."); *Kasica v. United States Dep't of Homeland Sec., Citizenship and Immigration Servs.*, 660 F. Supp. 2d 277, 282 (D. Conn. 2009) (plaintiff's class allegations dismissed "because her class-wide allegations lack any factual specificity"); *Rodriguez v. Bear Stearns Cos., Inc.*, 2008 WL 4831421, *3-4 (D. Conn. Nov. 5, 2008) (granting motion to dismiss purported Rule 23 class claims in race discrimination action based on both disparate impact and disparate treatment theories where plaintiffs failed to allege sufficient facts to render their class claims plausible). Thus, Plaintiffs' purported class claims under Count II should be dismissed.

2. **The Individual Pay Discrimination Claims in Count II Should be Dismissed Because They are Duplicative of Counts IV, VI and VIII.**

In Count II, Plaintiffs purport to bring their Title VII disparate treatment pay discrimination claims both individually and on behalf of the purported class. With respect to their individual pay discrimination claims, such claims are duplicative of their individual claims alleged in Counts IV, VI and VIII. For that reason, Defendant submits that Plaintiffs' individual claims in Count II should be dismissed. *See Williams v. Forest Preserve Dist. Of Cook County*, 2010 WL 3909475, *2 (N.D. Ill. Oct. 1, 2010) ("This count is merely duplicative of Count I, and is therefore dismissed.").

### 3. **Plaintiffs Cannot Maintain a Title VII Race Discrimination Claim in Counts I or II Because they Did Not Allege Race Discrimination in Their EEOC Charges.**

In their EEOC charges, Plaintiffs alleged only national origin discrimination and retaliation—not race discrimination. Plaintiffs did not check the box for "race" and the narrative in their charges mentions only national origin discrimination and retaliation, not race. (Compl. Ex. A.) Thus, to the extent Counts I and II purport to state individual or class claims of race discrimination, Plaintiffs cannot maintain such claims because they did not allege race discrimination in their charges, and race discrimination is not reasonably related to the type of discrimination or retaliation alleged in their charges. *See, e.g., Graham v. AT&T Mobility, LLC*, 247 Fed Appx. 26, 29 (7th Cir. 2007) (district court properly dismissed race discrimination claim where the plaintiff checked only the "retaliation" box on the EEOC charge*); Jones v. Bremen High Sch. Dist.*, 2009 WL 537073, *3 (N.D. Ill. Mar. 4, 2009) (dismissing sex and national origin discrimination claims because charge alleged only race discrimination); *Davis v. Quebecor World*, 2002 WL 27660, *1-2 (N.D. Ill. Jan. 10, 2002) (dismissing color and national origin discrimination claims because charge alleged only race discrimination); *Flaherty v. Marchand*, 2001 WL 1242884, *2-3 (N.D. Ill. Oct. 17, 2001) (dismissing race discrimination claim because charge alleged only sex and national origin discrimination and retaliation); *Rodgers v. Arlington Heights Sch. Dist. No. 25*, 171 F. Supp. 2d 773, 776-78 (N.D. Ill. 2001) (dismissing color and national origin discrimination claims because charge alleged only race and sex discrimination).

### C. **The Court Should Dismiss Plaintiffs' Title VII and Section 1981 Claims to the Extent They Allege Violations Occurring Outside of the Relevant Limitations Periods**

Plaintiffs seek to bring claims on behalf of themselves and a proposed class under Title VII and § 1981 from January 1, 2006 to present. (Compl. ¶ 22.) This time frame exceeds the

applicable limitation periods under both Title VII and § 1981.

To maintain a Title VII claim, a plaintiff must file a charge with the EEOC challenging the alleged discriminatory action within 300 days of its occurrence. 42 U.S.C. § 2000e-5(e)(1); *Baylie v. Federal Reserve Bank of Chicago,* 476 F.3d 522, 524 (7th Cir. 2007). A four-year statute of limitations applies to claims brought under § 1981. *Jones v. R.R. Donnelly & Sons Co.,* 541 U.S. 369, 383-85 (2004). Plaintiffs each filed an EEOC charge on November 30, 2006, and the Complaint in this action was filed on October 15, 2010. Therefore, Plaintiffs' Title VII claims based on alleged discrimination occurring before February 13, 2006 (300 days prior to the November 30, 2006 charge filing date) are time-barred. In addition, Plaintiffs' § 1981 claims based on events occurring prior to October 16, 2006 (four years prior to the October 15, 2010 Complaint filing date) are time-barred.

The same limitations periods apply to Plaintiffs' purported class claims. *See Movement for Opportunity & Equity v. General Motors Corp.*, 622 F.2d 1235, 1248 (7th Cir. 1980) ("only those who could have filed a charge at or after the time a charge was filed by the class representative can be included in the class"). Accordingly, any class claims under Title VII based on alleged discrimination occurring before February 13, 2006, and any § 1981 class claims occurring before October 16, 2006, are untimely and should also be dismissed.[4]

### D. Count III Alleging Individual and Class Disparate Treatment Claims under § 1981 Should Also Be Dismissed

#### 1. Count III Fails to State a Claim for Class-Wide Relief.

Plaintiffs' purported § 1981 class claim in Count III essentially relies upon the same conclusory Complaint allegations as their purported Title VII disparate treatment class claim in

---

[4] For the reasons explained in Section D.2 below, Defendant further contends that Count III should be dismissed in its entirety because Plaintiffs' individual and class claims under § 1981 are barred by the four-year statute of limitations.

Count II. As explained in Section B.1 above with respect to Count II, the Complaint fails to include sufficient factual detail to state a plausible class claim under Count III. Thus, Count III should also be dismissed.

2. **Plaintiffs' Claims in Count III Are Barred by the Statute of Limitations**

As noted in Section C above, any § 1981 class claims occurring before October 16, 2006 are untimely. The October 16, 2006 cutoff date for § 1981 claims is particularly significant here because Plaintiffs' employment with Defendant ended in November 2006. (Compl. ¶¶ 38-40.) Thus, unless Plaintiffs were subjected to an allegedly discriminatory decision concerning their pay within the narrow window between October 16, 2006 and their November 2006 termination dates, Plaintiffs can bring no individual claims under § 1981 and cannot represent a § 1981 class. Notably in this regard, the Lilly Ledbetter Fair Pay Act of 2009 (the "FPA") expressly amended Title VII and certain other enumerated statutes as of its effective date, but the FPA did not amend § 1981. Section 1981 pay discrimination claims, therefore, remain subject to the Supreme Court's decision in *Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618 (2007). *See* FPA, PL 11-2 (Jan. 29, 2009); and *Russell v. County of Nassau*, 696 F. Supp. 2d 213, 230 (E.D. NY. 2010) (unlike Title VII claims, salary discrimination claims under § 1981 are governed by Supreme Court's *Ledbetter* decision, not the FPA). Thus, Plaintiffs here must show that they were subjected to a discriminatory pay *decision* during their narrow limitations window, not just that they received a paycheck within the limitations window that was allegedly the result of an earlier discriminatory decision. *Id.*

While historically courts had been reluctant to dismiss a lawsuit on statute of limitations grounds, in the wake of *Twombly* and *Iqbal* the Seventh Circuit has indicated that with respect to whether a complaint can withstand dismissal based on a statute of limitations defense, "it is not enough for a complaint to avoid foreclosing possible bases for relief. The plaintiff must plead

some facts that suggest a right to relief that is beyond the speculative level." *In re MarchFIRST*, 589 F.3d 901, 905 (7th Cir. 2009) (upholding district court's dismissal for failure to file suit within the relevant statute of limitations period). *See also Judy v. Blatt, Hasenmiller, Leibsker and Moore* LLC, 2010 WL 431484, *1 (N.D. Ill. Jan. 29, 2010) (noting that in the wake of *Twombly* and *Iqbal* the Seventh Circuit now requires more factual pleading to survive a motion to dismiss on statute of limitations grounds). The Complaint here fails to allege any date(s) on which Plaintiffs were allegedly subjected to a discriminatory pay decision. Under these circumstances, Plaintiffs' individual and purported class claims under § 1981 should, therefore, be dismissed based on the applicable statute of limitations.[5]

        3. **Count III Should be Dismissed Because Section 1981 Covers Only Discrimination Based on *Race*, and Plaintiffs' Claims are Based on Their Cuban National Origin, not Race.**

Finally, even if Plaintiffs had otherwise adequately pled a plausible individual or class claim under § 1981, Count III should still be dismissed because Plaintiffs' discrimination claims are based on their Cuban national origin, not race. It is well-settled that § 1981 covers only discrimination based on race, and does not extend to national origin discrimination. *See Runyon v. McCrary*, 427 U.S. 160, 168 (1976); *Diaz v. Kraft Foods Global, Inc.*, 2010 WL 2166399, *4 (N.D. Ill. May 27, 2010) (§ 1981 does not prohibit discrimination based on national origin); *Anooya v. Hilton Hotels Corp.*, 733 F.2d 48, 50 (7th Cir. 1984) (§ 1981 does not cover national origin discrimination).. While courts have consistently held that "Hispanic" is a race for purposes of § 1981, Plaintiffs have not alleged discrimination based on Hispanic race in this lawsuit, but rather only discrimination against Cubans.

---

[5] Given Plaintiffs' very narrow § 1981 limitations window and the fact that resolution of this critical issue determines Plaintiffs' right to proceed at all under § 1981, Defendants respectfully submit that, at a minimum, Plaintiffs should be required to plead specific facts demonstrating that they were subjected to a discriminatory pay decision within the applicable § 1981 limitations period.

In *Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 613 (1987), the Supreme Court held that racial discrimination for purposes of § 1981 includes "identifiable classes of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics." Defendant submits that here, however, Plaintiffs have failed to state a claim that they were victims of discrimination based on their ancestry or ethnic characteristics, separate and apart from their Cuban national origin. First, as noted above, in asserting their Cuban discrimination claims to the EEOC, Plaintiffs made no claim of race discrimination in their EEOC charges; rather, they claimed discrimination solely based on their Cuban national origin. Now, in paragraph 36 of their Complaint, Plaintiffs summarily allege the following: "Plaintiffs are members of a racial minority. Plaintiffs are of Cuban national origin." (Compl. ¶ 36.) In an apparent attempt to identify their "ethnic characteristics," Plaintiffs further allege that they "have dark colored hair, eyes, and skin." (Compl. ¶ 37.) Defendant submits that the Court can take judicial notice of the fact that dark hair, eyes and skin are not characteristics that are unique to Cubans, and in fact many Cubans do not possess any of these characteristics. Moreover, for class certification purposes, Plaintiffs could not reasonably expect this Court to determine if a particular Cuban employee has sufficiently dark colored hair, eyes and/or skin to be included in the proposed class.

Accordingly, based upon the allegations of the Complaint and the EEOC documentation attached thereto, Plaintiffs' claims amount to alleged discrimination based on their Cuban national origin, not racial discrimination. Thus, Plaintiffs cannot state any claim under § 1981. *See Diaz*, 2010 WL 2166399, *4 (dismissing Hispanic employees' § 1981 national origin discrimination claims because § 1981 does not prohibit discrimination based on national origin); *Quintana v. Byrd*, 669 F. Supp. 849, 850 (N.D. Ill. 1987) (denying motion to dismiss § 1981 claim where the plaintiff alleged that she was "discriminated against because she is Hispanic, not

because her country of origin is Cuba. …What matters is whether defendants discriminated against plaintiff because of her 'ethnic characteristics,' as opposed to her country of origin."); *Torres v. Gianni Furniture Co.*, 1986 WL 6407, *1 (N.D. Ill. June 5, 1986) (dismissing § 1981 claim as not alleging race discrimination where the plaintiff alleged that he "is a Cuban-American and as such is a member of a distinct minority.").

IV. **CONCLUSION**

For all of the foregoing reasons, Defendant Walmart respectfully submits that Counts I, II and III of the Complaint should be dismissed in their entirety. Alternatively, Counts I, II and III should be dismissed to the extent they allege violations occurring outside of the applicable limitations periods, and Counts I and II should be dismissed to the extent they purport to state a claim of race discrimination. Additionally, Counts IV through IX should be dismissed to the extent they allege violations occurring outside of the applicable limitations period.

Dated: December 30, 2010

Respectfully submitted,

**WAL-MART STORES, INC.**

By:   **s/ Alan S. King**
Alan S. King, Esq. (ARDC #: 06198223)
Mark E. Furlane, Esq (ARDC #: 00897175)
Noreen H. Cull, Esq. (ARDC #: 06229417)
Elizabeth V. Lopez, Esq. (ARDC #: 6293255)
Drinker Biddle & Reath LLP
191 N. Wacker Drive, Suite 3700
Chicago, IL  60606-1698
Phone:  (312) 569-1000
Fax:  (312) 569-3334
E-mail : alan.king@dbr.com
E-mail : mark.furlane@dbr.com
E-mail : noreen.cull@dbr.com
Email : elizabeth.lopez@dbr.com

CH01/ 25646819.6